UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REHAB SOLUTIONS, INC.,

        Plaintiff,

                                          Case No. 14-cv-13651
                                          Honorable Gershwin A. Drain

v.

ST. JAMES NURSING & PHYSICAL
REHABILITATION CENTER, INC.,

        Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES [#9]

### I. INTRODUCTION

Plaintiff, Rehab Solutions, Inc. ("Rehab Solutions"), commenced this breach of contract action against Defendant, St. James Nursing & Physical Rehabilitation Center, Inc. ("St. James"), on September 19, 2014. *See* Dkt. No. 1. On October 17, 2014, Defendant filed an Answer with Affirmative Defenses to Plaintiff's Complaint. *See* Dkt. No. 5.

Presently before the Court is Plaintiff's Motion to Strike Defendant's Affirmative Defenses, which was filed on November 7, 2014. *See* Dkt. No. 9. This matter is fully briefed and the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve Plaintiff's Motion on the briefs submitted and cancels the December 3, 2014 hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed herein, the Court will **GRANT** Plaintiff's Motion.

## II. LEGAL ANALYSIS

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although the action of striking a pleading should be used sparingly by the courts, motions to strike are generally granted where the allegations are clearly immaterial to the controversy or would prejudice the movant." *Spizizen v. Nat'l City Corp.,* No. 09–11713, 2010 WL 419993, at *2 (E.D. Mich. Feb.1, 2010) (Rosen, J.) (citing *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953)). "Ultimately, the decision to strike a pleading is firmly within the discretion of the court." *Id.* (citation omitted); *see also Sheets v. U.S. Bank, Nat. Ass'n*, No. 14—10837, 2014 WL 5499382, at *2 (E.D. Mich. Oct. 30, 2014) (Steeh, J.).

This Court finds that the pleading standards put forth in *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), also apply in the context of a defendant asserting an affirmative defense. *See Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. 08—10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) (Cleland, J.) (citing *Twombly*, 550 U.S. 544 at 553, 127 S. Ct. at 1964); *see also Shinew v. Wszola*, No. 08—14256, 2009 WL 1076279, at *4 (E.D. Mich. Apr. 21, 2009) (Scheer, M.J.) (finding that the "pleading offered by Defendants in [that] case is the very essence of the boilerplate 'labels and conclusions' which the court in *Twombly* found insufficient."); *id.* at *3 (quoting *Davis v. Sun Oil Company,* 148 F.3d 606, 614 (6th Cir. 1998) (Boggs, J., dissenting), for the proposition that "requiring an affirmative defense to be stated in an intelligible manner is not a mere formalism," and noting that Rule 8(c) "serves the purpose of giving the opposing party notice of the defense and an opportunity to argue why his claim should not be barred completely.").

Like other courts in this district, this Court requires attorneys to comply with a continuing obligation to eliminate unnecessary boilerplate in their pleadings. *See*, *e.g.*, *Safeco Ins. Co. of Am*, 2008 WL 2558015 at *1. When boilerplate affirmative defenses are offered with no specifics, an opposing party will not have enough information to argue against the defenses. *See Shinew,* 2009 WL 1076279, at *3-4 (quoting *Davis,* 148 F.3d at 614 (Boggs, J., dissenting), for the proposition that "[t]he requirement that affirmative defenses be specifically pleaded is based on notions of fair play. A party should not have to deal with an extraneous issue in a lawsuit unless it is specifically brought to his attention . . . More important, what matters is . . . whether the court and the parties were aware of the issues involved."). Furthermore, by only submitting vague boilerplate affirmative defenses, unnecessary work is created and the costs of litigation are increased. *Safeco Ins. Co. of Am*, 2008 WL 2558015 at *1 ("Opposing counsel generally must respond to such defenses with interrogatories or other discovery aimed at ascertaining which defenses are truly at issue and which are merely asserted without factual basis but in an abundance of caution.").

After reviewing the challenged affirmative defenses in this case, the Court finds that they are boilerplate and not *presently* sustainable. Defendant relies on case law not binding on this Court to argue to the contrary. With respect to the affirmative defenses themselves, Defendant argues that "[a]t such an early stage in the litigation process" it is too early for Plaintiff to assert that the affirmative defenses could not succeed under any circumstance. *See*, *e.g.*, Dkt. No. 10 at 12-13 (Defendant arguing: "Might it be shown that portions of Plaintiff's claims arise out of ancillary agreements which offend the statute of frauds? Obviously. . . . Could, conceivably, Plaintiff's claims in this matter be barred as a result of mandatory joinder in another of the related disputes between the Plaintiff and other, related, Defendants? Undoutbedly.")

The Court does not dispute that it may be too early for Plaintiff to assert that these defenses could not succeed under any circumstance. However, the Court emphasizes that Defendant has not set forth *any* analysis explaining the affirmative defenses, which undercuts Plaintiff's ability to argue why the defenses should be barred. *See Safeco Ins. Co. of Am*, 2008 WL 2558015 at *1 (emphasizing that the affirmative defenses submitted by the Defendants in that case were insufficient because "[t]here is no analysis regarding the applicability of any of the individual affirmative defenses to Plaintiff's complaint. This court requires more than the assertion of any and all defenses that *may* apply.").[1] Requiring an affirmative defense to be stated in an intelligible manner is not a mere formalism, and this Court requires more than just boilerplate affirmative defenses. As Judge Cleland aptly noted in the *Safeco* decision, "Rule 15 allows for appropriate amendments and counsel should therefore feel no need in this court to window-dress pleadings early for fear of losing defenses later." *Id.*

### III. CONCLUSION

Accordingly, for the reasons discussed herein, the Court will **GRANT** Plaintiff's Motion, and **STRIKE** Defendant's affirmative defenses **WITHOUT PREJUDICE** subject to appropriate amendment under Rule 15.

SO ORDERED.

Dated: December 1, 2014

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge

---

[1] For example, Defendant argues that it be shown that portions of Plaintiff's claims arise out of ancillary agreements which offend the statute of frauds. *See* Dkt. No. 10 at 12. However, Plaintiff does not even name the possible agreements. Defendant further argues that, conceivably, Plaintiff's claims in this matter could be barred as a result of mandatory joinder in another related dispute between the Plaintiff and other, related, Defendants. *Id.* at 13. Nevertheless, Plaintiff does not name these other possible disputes.