UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REHAB SOLUTIONS, INC.,

    Plaintiff,

v.

ST. JAMES NURSING & PHYSICAL
REHABILITATION CENTER, INC.,

    Defendant.
_____/

Case No. 14-cv-13651

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO RECONSIDER
RULING OR FOR ENTRY OF A PROTECTIVE ORDER [51] IN PART**

**I. INTRODUCTION**

On September 19, 2014, Rehab Solutions, Inc. ("Rehab Solutions" or "Plaintiff"), commenced this breach of contract action against St. James Nursing & Physical Rehabilitation Center, Inc. ("St. James" or "Defendant"), alleging that St. James failed to pay certain invoices for services rendered by Rehab Solutions. *See* Dkt. No. 1. Presently before the Court is Rehab Solutions' Emergency Motion to Reconsider Ruling for Entry of a Protective Order [51]. The Court will **GRANT** this Motion [51] in part.

**II. BACKGROUND**

Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, the Court issued an Order giving St. James an opportunity to provide the deposition of Mr. Mali prior to ruling on Rehab Solutions' Motion for Summary Judgment. *See* Dkt. No. 55. The Court did so under the guidance of the 2010 Advisory Committee Note to Rule 56(e) which states that, under Subdivision (e)(1), "afford[ing] an opportunity to properly support or address [a] fact" is "in many circumstances . . . the court's preferred first step." FED. R. CIV. P. 56(e) 2010 advisory committee's note.

### III. LEGAL STANDARD

Motions for Reconsideration are governed by Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

### IV. DISCUSSION

Notably, Rehab Solutions does not point out a palpable defect in this Court's Opinion. *Cf.* Dkt. No. 51 at 8 ("Rule 56(e) does permit a court to provide a party with an additional opportunity to properly support or address facts objected to[.]"). Instead, Rehab Solutions implies that the additional opportunity provided by the Court was improper. *See id.* (citing non-binding authority to state that "those situations appear to be largely limited to those in which a court permits a party to correct deficiencies in the evidence that was submitted[.]").

Rehab Solutions has not shown this Court that the Court's approach is improper, thus the Court was initially inclined to deny this Motion completely because Rehab Solutions has not shown a palpable defect that is obvious, clear, unmistakable, manifest, or plain. *S*FED. R. CIV. P. 56(e) 2010 advisory committee's note (noting that with respect to Subdivision (e)(4) "[t]he choice among possible orders should be designed to encourage proper presentation of the record."); 11 James WM. Moore et al., *Moore's Federal Practice* § 56.99[2][a] (Matthew Bender

3d ed. 2015) ("[Giving a party another opportunity to support or address a fact] will often be the best option, minimizing the chance of an unjust result based on an inadequate record.").

Nevertheless, the Court considered the path requested by Rehab Solutions—to have Mr. Mali's affidavit produced—but chose to allow the deposition because the Court was under the impression that the deposition of Mr. Mali was already scheduled for September 3 or September 4. Under this scenario, Rehab Solutions would have been able to cross-examine Mr. Mali on the record before the Court issued its ruling on Rehab Solutions' Summary Judgment Motion. Rehab Solutions has made its position unequivocally clear that it will "opt to not take a deposition." Dkt. No. 51 at 5 n.1. The Court will simply order St. James to produce the affidavit of Mr. Mali; the affidavit St. James "claims exists and was omitted from the response brief." Dkt. No. 51. To be clear, St. James **will not** be allowed seven days to file an additional reply brief to address any new matters raised by the affidavit. Instead, the Court will make its ruling upon receipt of Mr. Mali's affidavit.

### IV. CONCLUSION

For the reasons discussed, the Court **HEREBY ORDERS** Defendant to provide the properly executed and notarized affidavit of Mr. Mali that was mistakenly omitted from Defendant's Response to Plaintiff's Motion for Summary Judgment **no later than September 8, 2015**. This affidavit will be submitted in lieu of Mr. Mali's deposition. The affidavit must be executed and notarized prior to July 2, 2015.

IT IS SO ORDERED.

Dated: September 2, 2015

                                                       /s/Gershwin A Drain
                                                       HON. GERSHWIN A. DRAIN
                                                       United States District Court Judge