UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REHAB SOLUTIONS, INC.,

    Plaintiff,

v.

ST. JAMES NURSING & PHYSICAL
REHABILITATION CENTER, INC.,

    Defendant.
_____/

Case No. 14-cv-13651

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

### ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR RECONSIDERATION [54]

### I. INTRODUCTION

On September 19, 2014, Rehab Solutions, Inc. ("Rehab Solutions" or "Plaintiff"), commenced this breach of contract action against St. James Nursing & Physical Rehabilitation Center, Inc. ("St. James" or "Defendant"), alleging that St. James failed to pay certain invoices for services rendered by Rehab Solutions. *See* Dkt. No. 1. Presently before the Court is St. James' Emergency Motion for Reconsideration [54]. The Court will **DENY** this Motion [54].

### II. LEGAL STANDARD

Motions for Reconsideration are governed by Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

-1-

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

### IV. DISCUSSION

St. James does not point out a palpable defect in this Court's Order. Instead, St. James takes issue with the Court choosing to provide St. James with yet another opportunity to present a clear record of this case by simply providing an affidavit that was purportedly taken prior to the summary judgment briefing. This entire process was initiated to give St. James an opportunity to further support its argument for summary judgment. *See* 11 James WM. Moore et al., *Moore's Federal Practice* § 56.99[2][a] (Matthew Bender 3d ed. 2015) ("[Giving a party another opportunity to support or address a fact] will often be the best option, minimizing the chance of an unjust result based on an inadequate record."). Even after being presented with an ideal opportunity to supplement the record with the affidavit it claimed it forgot to attach, St. James has indicated that it still "cannot locate[] the [] affidavit for production with this Court." Dkt. No. 54. In light of this fact, the Court will deny St. James Motion for Reconsideration.

### IV. CONCLUSION

For the reasons discussed, the Court **HEREBY DENIES** Defendant's Motion for Reconsideration [54].

IT IS SO ORDERED.

Dated: September 15, 2015

/s/ Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge